**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TAZA FRANCHISE SYSTEMS, LLC, an Ohio limited liability company,

Plaintiff,

vs.

TAZA GRILL, INC., a Michigan corporation; RANA ENTERPRISE INC. d/b/a TAZA GRILL, a Michigan corporation; TAZA KITCHEN LLC, a Michigan limited liability company; and HASSAN K. SOBH, an individual,

Defendants.

Case No.:

Hon.

EDWARD T. SAADI (Ohio Bar #0075775)
Attorney for Plaintiff
EDWARD T. SAADI, LLC
970 Windham Ct., Ste. 7
Boardman, Ohio 44512
(330) 782-1954
(330) 266-7489 (fax)
edward@saadilaw.com

**THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT.**

# COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff TAZA FRANCHISE SYSTEMS, LLC ("Taza"), by its attorney, and complains of Defendants TAZA GRILL, INC., RANA ENTERPRISE INC. d/b/a TAZA GRILL, TAZA KITCHEN LLC, and HASSAN K. SOBH as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act [15 U.S.C. §§1051 *et seq*]. This Court has *federal question* jurisdiction in this matter, in that Plaintiff seeks injunctive relief and damages against the Defendants under the Lanham Act [15 U.S.C. §1121; 28 U.S.C. §1338(a)].

This Court has *pendent jurisdiction* over any claims arising under state law in that such claims are asserted under the common law of the State of Michigan, and flow from a common nucleus of operative facts.

2. Venue lies within this Court pursuant to 28 U.S.C. §1391(b), (c) and (d) in that, among other things, all defendants are domiciled, maintain offices and facilities, do business and/or are subject to personal jurisdiction in this District, and a substantial part of the events, acts or omissions on which Plaintiff's claims are based occurred in this District.

**IDENTIFICATION OF PARTIES**

3. At all times material hereto, Plaintiff **TAZA FRANCHISE SYSTEMS, LLC** was and is a limited liability company organized and existing under and pursuant to the laws of the State of Ohio, having a principal place of business in Lakewood, Ohio.

4. On information and belief, at all times material hereto, Defendant **TAZA GRILL, INC.** was and is a corporation formed and existing under and pursuant to the laws of the State of Michigan, qualified to do and doing business in the State of Michigan, and transacting business within this Eastern District. On information and belief, **TAZA GRILL, INC.** has its principal place of business in this District, namely, in Southfield, Michigan.

5. On information and belief, at all times material hereto, Defendant **RANA ENTERPRISE INC.** was and is a corporation formed and existing under and pursuant to the laws of the State of Michigan, qualified to do and doing business as "**TAZA GRILL**" in the State of Michigan, and transacting business within this Eastern District. On information and belief, **RANA ENTERPRISE INC.** d/b/a **TAZA GRILL** has its principal place of business in this District, in Southfield, Michigan.

6. On information and belief, at all times material hereto, Defendant **TAZA KITCHEN LLC** was and is a limited liability company formed and existing under and pursuant

to the laws of the State of Michigan, qualified to do and doing business in the State of Michigan, and transacting business within this Eastern District. On information and belief, **TAZA KITCHEN LLC** has its principal place of business in this District, in Southgate, Michigan.

7. Defendant **HASSAN K. SOBH** is an individual, who is, on information and belief, a citizen of Michigan.

## ALLGATIONS COMMON TO ALL CLAIMS

8. Plaintiff is owner of the trademarks **TAZA®**, **TAZA A LEBANESE GRILL®**, and ® (the "Taza Marks"), all of which are federally registered.

9. The application of Plaintiff's predecessor to federally register **TAZA®** as a "standard character" mark was filed in the U.S. Patent & Trademark Office (hereinafter "USPTO") on March 30, 2007; a certificate of registration was awarded for said mark, bearing Reg. No. 3,439,240, on June 3, 2008 for "*Restaurant and bar services*" with a first use date of November 22, 2005. A true and correct copy of the certificate of registration is attached hereto as Exhibit "A" and incorporated herein by reference.

10. The application of Plaintiff's predecessor to federally register **TAZA A LEBANESE GRILL®** as a "standard character" mark was filed in the USPTO on May 5, 2006; a certificate of registration was awarded for said mark, bearing Reg. No. 3,213,261, on February 27, 2007 for "*Restaurant and bar services*" with a first use date of November 22, 2005. A true and correct copy of the certificate of registration is attached hereto as Exhibit "B" and incorporated herein by reference.

11. The application of Plaintiff's predecessor to federally register TAZA A LEBANESE GRILL® was filed in the USPTO on May 5, 2006; a certificate of registration was awarded for said mark, bearing Reg. No. 3,213,262, on February 27, 2007 for "*Restaurant and bar services*" with a first use date of November 22, 2005. A true and correct copy of the certificate of registration is attached hereto as Exhibit "C" and incorporated herein by reference.

12. Effective May 7, 2014, Plaintiff's **TAZA®** trademark became incontestable under applicable law. A true and correct copy of the *Notice of Acknowledgement Under Section 15* establishing incontestability is attached as Exhibit "D" and incorporated by reference.

13. Effective September 20, 2013, Plaintiff's **TAZA A LEBANESE GRILL®** trademark became incontestable under applicable law. A true and correct copy of the *Notice of Acknowledgement Under Section 15* establishing incontestability is attached as Exhibit "E" and incorporated by reference.

14. Effective September 20, 2013, Plaintiff's TAZA A LEBANESE GRILL® trademark became incontestable under applicable law. A true and correct copy of the *Notice of Acknowledgement Under Section 15* establishing incontestability is attached as Exhibit "F" and incorporated by reference.

15. Effective July 28, 2017, Plaintiff's **TAZA®** trademark registration was renewed. A true and correct copy of the *Notice of Acceptance Under Section 8* and *Notice of Registration Renewal Under Section 9* is attached as Exhibit "G" and incorporated by reference.

16. Effective May 11, 2016, Plaintiff's **TAZA A LEBANESE GRILL®** trademark registration was renewed. A true and correct copy of the *Notice of Acceptance Under Section 8* and *Notice of Registration Renewal Under Section 9* is attached as Exhibit "H" and incorporated by reference.

17. Effective May 11, 2016, Plaintiff's ® trademark registration was renewed. A true and correct copy of the *Notice of Acceptance Under Section 8* and *Notice of Registration Renewal Under Section 9* is attached as Exhibit "I" and incorporated by reference.

18. Effective August 13, 2026, Plaintiff's **TAZA A LEBANESE GRILL®** trademark registration was renewed a second time. A true and correct copy of the *Notice of Acceptance Under Section 8* and *Notice of Registration Renewal Under Section 9* is attached as Exhibit "J" and incorporated by reference.

19. Effective August 13, 2026, Plaintiff's ® trademark registration was renewed a second time. A true and correct copy of the *Notice of Acceptance Under Section 8* and *Notice of Registration Renewal Under Section 9* is attached as Exhibit "K" and incorporated by reference.

20. Said trademarks and registrations were subsequently assigned to the Plaintiff. A true and correct copy of a *Trademark Assignment* is attached as Exhibit "L" and incorporated by reference

21. Plaintiff's federal registrations for the Taza Marks are in full force and effect.

22. Continuously since 2005, Plaintiff has used the Taza Marks in commerce to identify its services. Plaintiff's services have been advertised, promoted, publicized, marketed, or otherwise offered, and sold, throughout a wide geographic area, and in the State of Michigan, including within this District, under the Taza Marks. By virtue thereof, together with consumer acceptance and recognition of the Taza Marks, the Taza Marks identify Plaintiff's services, and distinguish them from services produced, offered, or sold by others. The Taza Marks have thus become, and are, valuable assets symbolizing Plaintiff, the quality of its services, and its goodwill.

23. Plaintiff displays the registration symbol ® in connection with its uses of the Taza Marks.

24. Defendants **TAZA GRILL, INC.** and **RANA ENTERPRISE INC.** d/b/a **TAZA GRILL**, with actual or constructive notice of Plaintiff's ownership of, and rights in, the Taza Marks and the registrations therefor, have used and are using, without Plaintiff's permission, the trademarks **TAZA, TAZA GRILL,** , and other names which incorporate terms similar to "Taza" in both standard-character and stylized forms, to identify, sell, offer, promote, and advertise restaurants and related services. Specifically, these Defendants use said marks to identify a restaurant at 28801 Evergreen Rd. in Southfield, Michigan.

25. Defendants **TAZA GRILL, INC.** and **RANA ENTERPRISE INC.** d/b/a **TAZA GRILL** own and maintain a Facebook page located at https://www.facebook.com/p/Taza-Grill-100068843153274/?locale=pt_BR and an Instagram page located at @tazagrillmi, which

advertise their restaurant. True and correct copies of print-outs of portions of these pages are attached hereto as Exhibit "M" and "N."

26. Defendants **TAZA KITCHEN LLC** and **HASSAN K. SOBH**, with actual or constructive notice of Plaintiff's ownership of, and rights in, the Taza Marks and the registrations therefor, have used and are using, without Plaintiff's permission, the trademarks **TAZA, TAZA FRESH GRILL**, **TAZA FRESH GRILL MEDITERRANEAN FOOD**,




, and other names which incorporate terms similar to "Taza" in both standard-character and stylized forms, to identify, sell, offer, promote, and advertise restaurants and related services. Specifically, these Defendants uses said marks to identify a restaurant at 16185 Dix Toledo Rd. in Southgate, Michigan.

27. Defendants **TAZA KITCHEN LLC** and **HASSAN K. SOBH** own and maintain a Facebook page located at https://www.facebook.com/profile.php?id=61568642470335 and an Instagram page located at @tazafreshgrillsouthgate, which advertise their restaurant. True and correct copies of print-outs of portions of these pages are attached hereto as Exhibit "O" and "P."

28. Defendants **TAZA KITCHEN LLC** and **HASSAN K. SOBH** have registered the internet domain name "**tazafreshgrill.com**" where they maintain, and have maintained, a website which advertises their restaurant. A true and correct copy of a print-out of portions of Defendant **TAZA KITCHEN LLC** and **HASSAN K. SOBH**'s website is attached hereto as Exhibit "Q" and incorporated herein by reference.

29. The trademarks **TAZA, TAZA GRILL**, , **TAZA FRESH GRILL**, **TAZA FRESH GRILL MEDITERRANEAN FOOD**, 

, and other trademarks used by Defendants which include terms identical or similar to "Taza" are confusingly similar to Plaintiff's registered **TAZA®**, **TAZA A LEBANESE GRILL®, and** ® trademarks.

30. Defendants' use of **TAZA, TAZA GRILL**, , **TAZA FRESH GRILL**, **TAZA FRESH GRILL MEDITERRANEAN FOOD**, 

, and other trademarks which include terms identical or similar to "Taza" in connection with restaurant services and related services is likely to cause confusion, mistake or deception among consumers as to the source, quality and nature of Defendants' services.

31. There exists an overlap in Plaintiff's and Defendants' trade areas, in that both Plaintiff's and Defendants' services were and/or are advertised and rendered in the same markets, in other geographic areas, and by virtue of the reach of the Internet, throughout the United States and elsewhere throughout the world.

32. Defendants' use of said trademarks to identify restaurant services and related services continues unabated to the present day.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(<u>Infringement of Federally-Registered Trademarks</u>)**

33. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 32, inclusive, of this Complaint.

34. The acts and omissions of Defendants alleged hereinabove are likely to cause confusion, deception, or mistake, and are likely to create the erroneous impression that the services offered by Defendants originate with Plaintiff, or are affiliated with, connected to, associated with, sponsored by, or approved by the Plaintiff. Said actions constitute infringement of Plaintiff's federally-registered **TAZA**®, **TAZA A LEBANESE GRILL**®**,** and TAZA A LEBANESE GRILL ® trademarks, and violation of Plaintiff's rights therein, in violation of 15 U.S.C. §1114(1) and 15 U.S.C. §1125(a) [Lanham Act §§32 & 43].

35. Plaintiff is informed and believes, and on that basis alleges, that as a proximate result of Defendants' acts and omissions, Defendants and each of them have derived substantial revenues, income and/or profits in an amount not yet ascertained, and that Defendants have received other non-cash benefits the value of which has not been ascertained, but which Plaintiff will seek leave to set forth herein when ascertained, and which Plaintiff is informed and believes, and thereon alleges, exceeds $100,000.00 for each Defendant.

36. As a proximate result of Defendants' acts and omissions, Plaintiff has been deprived of substantial revenues which it could or would have earned from sales, licensing, and other exploitation of its trademarks and services, has been deprived of the value of its trademarks as a commercial asset, and has suffered a loss of goodwill, in an amount not yet ascertained but which Plaintiff will seek leave to set forth herein when ascertained, but which, on information and belief, exceeds $100,000.00.

37. The acts and omissions of Defendants were undertaken notwithstanding Plaintiff's well-known and prior established rights in the Taza Marks, with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §1072, and willfully.

38. As a direct and proximate result of these acts, Plaintiff has suffered and will continue to suffer severe injuries and damage, which cannot be reasonably or adequately measured or compensated in damages. Defendants' activities are causing, and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the Taza Marks, for which Plaintiff has no adequate remedy at law.

39. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's registered trademarks, thus engendering a multiplicity of judicial and administrative proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its marks in the public perception.

40. Defendants caused and are likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§1114, 1116, and 1117.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition in Violation of the Lanham Act)**

41. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 40, inclusive, of this Complaint.

42. Defendants' use of confusingly similar imitations of the Taza Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are offered or sold by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

43. Defendants have made false representations, false descriptions, and false designations of origin on, or in connection with, its services in violation of 15 U.S.C. §1125(a). Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the Taza Marks, for which Plaintiff has no adequate remedy at law.

44. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Taza Marks to the great and irreparable injury of Plaintiff.

45. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§1125(a), 1116, and 1117.

**THIRD CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

46. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 45, inclusive, of this Complaint.

47. In addition to the federal registrations owned by Plaintiff as set forth hereinabove, Plaintiff has common law rights in the Taza Marks, in that Plaintiff owns and uses the Taza Marks. Plaintiff owns and enjoys common law rights in Michigan and throughout the United States in the Taza Marks in connection with the relevant services, which rights are superior to any rights which Defendants may claim in and to said trademarks, in any form or style, in connection with such services.

48. The acts and omissions of the Defendants set forth hereinabove constitute infringement of Plaintiff's common law trademark rights in the Taza Marks, and common law unfair competition.

49. As a proximate result of Defendants' infringement of the common law rights of Plaintiff in the Taza Marks, and of Defendants' acts constituting common law unfair competition, Plaintiff is entitled to relief in the form of damages and injunctive relief on that basis as well, as already more specifically alleged hereinabove.

## FOURTH CLAIM FOR RELIEF
## (Cyberpiracy in Violation of 15 U.S.C. §1125(d)(1)(A))

50. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 49, inclusive, of this Complaint.

51. On information and belief, with bad faith intent to profit from the Taza Marks, which are and were at all relevant times distinctive marks, Defendants **TAZA KITCHEN LLC** and **HASSAN K. SOBH** registered, trafficked in, and used a domain name which is identical or confusingly similar to the Taza Marks, namely, "**tazafreshgrill.com**".

52. These activities of these Defendants constitute cyberpiracy in violation of 15 U.S.C. §1125(d)(1)(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

1. For an order requiring the Defendants to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

2. For a temporary restraining order, preliminary injunction, and a permanent injunction, all enjoining Defendants, and each of them, and their affiliates, wholly-owned subsidiaries, successors in interest, and the agents, servants, representatives, and employees of each, and all persons acting with, under, in concert with, or for them or any of them, from:

   a. using or displaying the name "Taza" or any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Taza Marks, in connection with restaurant services or related goods or services;

   b. otherwise infringing Plaintiff's Taza Marks;

   c. causing likelihood of injury to Plaintiff's business reputation; and

   d. causing likelihood of confusion, deception, or mistake as to the source, origin, nature, or quality of Defendants' goods or services;

3. For an order directing Defendants, and each of them, to file with this Court and serve on Plaintiff within thirty (30) days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

4. For an order requiring Defendants, and each of them, to deliver up and destroy all infringing materials bearing the infringing designations;

5. For an order pursuant to 15 U.S.C. §1125(d)(1)(C) directing Defendants **TAZA KITCHEN LLC** and **HASSAN K. SOBH** to transfer the domain name "**tazafreshgrill.com**" to Plaintiff.

6. For all of Defendants' profits derived from their respective infringements and other aforesaid violations of Plaintiff's Taza Marks;

7. For all of Plaintiff's damages incurred as a result of Defendants' infringements and other aforesaid violations of Plaintiff's Taza Marks;

8. For three times the amount of Plaintiff's damages incurred as a result of Defendants' infringements and other aforesaid violations of Plaintiff's Taza Marks;

9. For Plaintiff's reasonable attorneys' fees incurred in connection with this action;

10. For Plaintiff's costs of suit incurred herein; and

11. For such other and further relief in favor of Plaintiff as the Court may deem just and proper.

Respectfully Submitted,

**EDWARD T. SAADI, LLC**

By: ______________________
Edward T. Saadi, Esq.
970 Windham Court, Ste 7
Boardman, OH 44512
Tel: (330) 782-1954
Fax: (330) 266-7489
Email: edward@saadilaw.com
**Attorney for Plaintiff**

Dated: November 17, 2026

**JURY DEMAND**

Plaintiff hereby demand a trial by jury.

Respectfully Submitted,

**EDWARD T. SAADI, LLC**

By: ______________________
Edward T. Saadi, Esq.
970 Windham Court, Ste 7
Boardman, OH 44512
Tel: (330) 782-1954
Fax: (330) 266-7489
Email: edward@saadilaw.com
**Attorney for Plaintiff**

Dated: November 17, 2026